UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES FRANKLIN FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:02-cv-1565-RLY-TAB |
| | ) | |
| MIKE BECKER, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Plaintiff's Motions to Reopen**

**I.**

The plaintiff's motions to reopen, filed on June 6, 2005, and on June 27, 2005, are directed to the final judgment entered on the clerk's docket on September 24, 2003. Based on the passage of time and the fact that the plaintiff seeks substantive relief from that judgment, the motions for reconsideration must be treated as motions for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*. *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757 (7th Cir. 2001); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992).

**II.**

Plaintiff Freeman's civil rights complaint was dismissed for failure to state a claim upon which relief could be granted because, based on facts which he alleged, his claim of the denial of adequate medical care at the Clark County Jail was barred by Indiana's 2-year statute of limitations.

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano,* 273 F.3d at 762. A motion for relief from judgment pursuant to *Fed. R. Civ. P.* 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). Such a motion is not a substitute for a timely appeal. *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). The plaintiff's motions to reopen do not cite any of these grounds, but outline facts which he might have done well to have presented in opposition

to the motion to dismiss. But he did not do so, and the court's legal conclusion regarding the timeliness of the present lawsuit cannot be challenged under Rule 60(b). *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801-802 (7th Cir. 2000). Because an argument of legal error can be presented in an appeal, however, and is not a valid basis for relief pursuant to Rule 60(b)--in fact is a forbidden ground, see *Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002)–relief sought by the plaintiff in his motions for reconsideration, treated as motions for relief from judgment, must be **denied.** Even if the court concluded otherwise with respect to the basis of the plaintiff's post-judgment motions, the motions were not filed within a reasonable time, which is also required by Rule 60(b), *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir. 1986), and hence would be denied on that basis.

       IT IS SO ORDERED.

Date: 07/01/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James Franklin Freeman
DOC #06976-033
F. C. I. Ashland
P. O. Box 6001
Ashland, KY 41105

Ronald Semler
8710 N. Meridian Street, Suite 200
Indianapolis, IN 46260